0722 people v. Pedro Cabrera Good morning, Your Honors. Good morning, Counsel. Sean O'Toole, Office of the State Appellate Defender, on behalf of the defendant Pedro Cabrera. Hi, Mr. O'Toole. I just want to make sure that we have the ground rules for this rehearing. And that is we really want to address the issues raised in your petition for rehearing. You persuaded us that we should give you another opportunity to come before us and argue your position. But we don't want to go over the entire case. We want to address, for example, the continuing jeopardy doctrine that we applied in your case and that wasn't raised by the state. I think you're entitled to that opportunity. And I think that's all that's necessary because really the question should be narrowed to the standard applied in Hodges. This case is under hearing to reanalyze the issue presented of continuing jeopardy. Here's my look. Here's my view on the Hodges issue. And that is frivolous and penitently without merit or the additional language. And that is you're asking that it be sent back, this case be sent back for a second stage review before the circuit court. But I don't see what or please tell us what could possibly go on in the circuit court that doesn't already exist, in this case, in the record before us. Well, what could you possibly do? Well, the standard is indisputably meritless. And when it goes back to the circuit court. But, you know, if this had been dismissal after a second stage, it would be de novo. I understand. And if it's a dismissal after the first stage, it's de novo. And unless you're talking about expanding the record, adding information to the record that doesn't exist in the record now, I just don't see the purpose in sending it back to the circuit court. Because, really, what is presented to us is a question of law that is complete as it stands before us. Well, yes, I think that this case does present a question of law. But I don't think that means that it can be decided in this court on appeal from the summary dismissal stage. Because the act is clear. At the summary dismissal stage, only frivolous petitions are supposed to be dismissed. And you might find that it is somewhat wasteful. But the Supreme Court disagrees. Because they held that the determination of whether a claim is indisputably without merit requires responsive pleadings from the state. And that does not occur at the first stage. Except that the Supreme Court addressed not only frivolous factual allegations but frivolous legal theories. Right. And if we find, as a matter of law, that this theory, that double jeopardy attached at the time the judge accepted the defendant's plea of guilty, then... The question is, what standard are you finding that under? You're finding that under the standard of ultimate merit of the claim. You're not finding that under whether it's arguable. We're finding it that the theory itself is unsupported by law. And that's what the Hodges dissent tried to do. It went into detailed factual analysis of the statutes involving imperfect self-defense. Right. Then tell us why, under the theory that you're putting forth here, you're entitled to have the case remanded to the circuit court. Because it presents an arguable factual basis or, I'm sorry, legal basis for a double jeopardy claim. Tell us what you would do below there that you haven't done already. Well, the defendant will have an opportunity to address the state's arguments. He'll be appointed counsel. And the act is not designed to just simply bypass the first stage because the court can appeal, determine that there's a... Well, you concede that the act doesn't really encourage remands when there's no purpose behind the remand? No. Don't you want to have some reason to go back to the circuit court? But there is a reason to go back, and that's to allow the defendant to address before the circuit court the arguments put forth in response of pleading by the state, which will then determine whether that substantial showing is made. Okay. Then stop right there. Let's say that happens, and the trial judge stays with the position that he took the first time. It comes before us. What's the standard of review at that point? The standard of review will be... Would be denial, right? And so what's the difference between our review of a dismissal after the second stage and our dismissal after the first stage? The standard of review is separate from the pleading standards. The pleading standards for a first-stage dismissal are frivolous. The standard of review may be de novo if it's a purely legal issue. And by the way, there might not be a purely legal issue. There are certain questions regarding this so-called... Please inform us of those questions because we need to know. Well, the so-called protestation of innocence was not a protestation. It was an offhand comment that he might not be able to prove himself guilty at trial. Is that part of the category? Are you expecting the defendant to take the stand and try to explain his comments? Perhaps. All right. Well, let's go to why you think the plea of guilty is binding on the court immediately upon the trial judge saying, I accept your plea of guilty so that... I'm sorry. In the light of the appellate court saying the judge didn't accept his plea. Which appellate court held that the plea was not accepted? It is initial... On direct review. Oh, on direct review. On direct review, the court said... Well, I believe that... The court didn't have to accept the plea. Doesn't that mean the plea wasn't accepted? Well, there might be a factual dispute you're looking for because the plea was clearly accepted by the court. Is that a factual dispute? He's not saying it, but the appellate court is saying it is not. But the trial court said, I accept your plea. And the appellate court said he didn't. Okay. Well, maybe that's why it doesn't go back. Well, it doesn't go back in there. Exactly. And that's part of the problem with the first-stage dismissal is that there's arguable claims on both sides. And I'd submit that that position that this court took that the plea was not accepted is wrong, and I don't have to show that it's wrong at this stage. I just have to show that it was arguable. But I think when the circuit court says, I'm accepting your plea, I'm answering a finding of guilty, there's nothing else to do except... I don't mean to interrupt you. I understand that that's what the judge ruled. As a matter of fact, I used this case in teaching defense lawyers to tell your client never to open his mouth when he's getting ready to take a plea. But the appellate court had that issue. Was there a... See, what you just said was interesting. You said tell the defendant never to open his mouth when he's getting ready to take a plea. It doesn't mean... No, this is in allocution. Okay, in allocution. Exactly. After everything is done, that's when every defendant says something stupid, in my opinion. After the deal is set, the factual basis is in, his background is in, the judge is about to impose something, and the judge says, is there anything you'd like to say? And for some ungodly reason, people want to say, oh, I really didn't do it, Judge, I'm just not. I'm just pleading guilty because I can't bring my witnesses, or nobody's going to believe me. And the case law makes clear that there's a clear distinction between these findings prior to the acceptance of the plea and after the acceptance of the plea. Oh, no. What case law are you referring to? I'm referring to Morris v. Reynolds and U.S. v. Patterson. There are cases that say, this is an alpha type of plea situation that, yes, absolutely. When you say you don't, when you're saying that you're pleading guilty but you're not guilty, that's typically an alpha type of plea, and a judge can absolutely take a plea on a person who is not guilty if there's a strong factual basis for the plea, but they don't have to. So what's the difference in this case if the guy, the judge took the plea, and then the guy says, I really am not guilty, then the judge is not required to take that plea, then there's, therefore, initially an acceptance, and then a withdrawal. So you're saying there was an acceptance. But it's like a conditional plea. Well, and what is in Rule 402 says that conditional pleas can be taken by the circuit court, but it doesn't say that the court can then sui sponte, withdraw the plea itself. No, the case law says that the court doesn't have to take the plea after they've gone through everything if a defendant says, I'm not guilty. But the distinction is the timing of that decision. No, no, there are cases after the defendant has been. . . There's one case, and it's People v. Peterson. Yes, exactly. I couldn't think of the name of it because it's not relevant to this. And that case did not address double jeopardy, which is my point, is that because Bellmeyer holds that jeopardy attaches upon acceptance of the plea, there has to be a double jeopardy analysis here. Wasn't Bellmeyer's stipulated bench trial as opposed to the plea? Yes, but the language in Bellmeyer was clear, and the language is supported by both U.S. Supreme Court precedent and Federal Circuit Court precedent, which the Federal Circuit Court explicitly holds that once the plea is accepted by the court, even if a sentence has not been entered, the court cannot sui sponte vacate that plea. Is there an online case that says that? Well, no, and that's part of the problem here with dismissing this at the first stage, because this is the first time this court held. . . because there's no case that's going the other way either. There's no case that addresses double jeopardy in this context and holds that the court can then subject the defendant to a second conviction. And the reason that Cabrera and Peterson . . . But isn't there a case like this that deals with conviction meaning sentence also? No. The U.S. Supreme Court has held that a guilty plea is a conviction. I'm talking about in the state of Illinois. Well, I don't think so, but if there is, it would be in contravention of clear United States Supreme Court precedent, which holds that a guilty plea is the same as a conviction. And we know from North Carolina v. Pierce that the double jeopardy clause protects a defendant from a second conviction after a first. So if there's a guilty plea, that's a conviction. And then that guilty plea is vacated, and the defendant is convicted again of the same exact offense. And I'd point out that the cases that this court relies upon, such as Santiago Soto for the proposition that this procedure was proper, only involved re-prosecution of a different offense, which is the Ohio v. Johnson issue. And the defendant here was convicted of the same exact offense after his conviction, at the time of his guilty plea. So I think if this court looks at the Hodges dissent, it mirrors what this court did on appeal when it held, after a complex legal analysis of the double jeopardy statute in Illinois, the Alford holding and whether the courts have discretion to vacate pleas, or actually not vacate, but accept or reject plea. And again, the timing is distinct, is crucial, because the question is whether jeopardy attaches there. Let's go back to Justice Lampkin's initial assertion that we address this issue in the direct appeal. And of course, the state says that we could have resolved this case by simply invoking res judicata, without having to go into continuing jeopardy doctrine, and said that because the facts have not changed, and this claim was available to the defendant. Not the claim of ineffective assistance of appellate counsel. That's the claim. And the Supreme Court is clear, and this court acknowledged that in its withdrawn opinion, that in floor, as the Illinois Supreme Court said, we're not going to find res judicata or procedural default, where the error stems from the appellate counsel's failure to raise the issue. And then we go back to where we started from, and appellate counsel is only going to have to raise an issue that has a sound legal basis for it. If we find that there is no sound legal basis for the argument that the defendant is claiming appellate counsel should have raised, then that ends the case. Well, I think that's where this court diverged from Hodges, because it did look to see whether the underlying claim of the ineffective assistance of appellate counsel claim was meritorious. What it should have asked is whether it had arguable merit. Let me ask you about Hodges, because my reading of Hodges was that the Supreme Court wasn't changing the standard of review or the amount of showing that the defendant had to make in his post-conviction petition. It was simply changing the terminology to coincide with the terminology that federal courts use. And it was nothing more than that. It wasn't substantive. Well, in doing so, it was clarifying, I think. And to further define frivolous as something that's arguable, or something that's not arguable as no arguable basis in fact or law, and to further define no arguable basis in law as indisputably meritless legal theory, and to further define no arguable basis in fact as something delude fantastical or delusional factual allegations, it was clarifying that this threshold is indeed low. And I think it was sending a clear message to appellate courts and circuit courts that the threshold is not whether the claim is ultimate merit. It's whether it's frivolous. And frivolous, the court felt it needed to further define frivolous. And when there's countervailing positions, as there are in this court, as to whether the plea was accepted, whether the plea could then be vacated, whether the plea could then be vacated without violating double jeopardy, whether double jeopardy continues in a case where just because the defendant proclaims his innocence, even though other courts have held it doesn't continue in cases where, for instance, in Morris v. Reynolds, the court thought that there was other charges pending against the defendant. It thought that the defendant would be going to trial on other charges. It was wrong. The circuit court held you can't correct your error. The correction of errors has to give ground to double jeopardy clause. All right. Let's go on to the continuing jeopardy doctrine. You indicated that.